UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, | CASE NO. C12-5044 BHS |
| Plaintiff, | ORDER GRANTING SUMMARY JUDGMENT |
| v. | |
| SHIRLEY J. SPENCER, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Country Mutual's motion for summary judgment (Dkt. 14). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 1, 2012, Country Mutual Insurance ("Country Mutual") filed a complaint for declaratory judgment (Dkt. 1) against Shirley Spencer ("Ms. Spencer") involving the issue of its duty to defend Ms. Spencer in a civil lawsuit for damages that had been filed against her. Dkt. 1. On March 22, 2012, Country Mutual filed a summary

1   judgment motion arguing it has no duty to defend Ms. Spencer in the underlying action,

2   *Clyde Ray Spencer, et al. v. Peters et al.,* No. 3:11-cv-0524-BHS, (W.D. Wash. October

3   2, 2012). Dkt. 14.  On August 8, 2012, Ms. Spencer filed a response.  Dkt. 21.  On

4   September 28, 2012, Country Mutual filed a reply.  Dkt. 24.

5                              **II. FACTUAL BACKGROUND**

6          Ms. Spencer is a named defendant in *Spencer, et al*, No., which involves

7   allegations against her related to her former husband's, Mr. Spencer, 1985 convictions

8   and incarceration for child sex abuse of his two children and step child.  Dkt. 91 at 1.   In

9   June 2011, Mr. Spencer and his two children Kathryn (Spencer) Tetz and Matthew

10  Spencer, filed the aforementioned lawsuit alleging state tort claims and violations of

11  federal civil rights. Dkt. 91 at 2.  Mr. Spencer alleges seven causes of action under 42

12  U.S.C. § 1983 (" § 1983"), plus four state law claims.  *Id.*  His federal claims are for

13  malicious prosecution, deprivation of due process, "destruction or concealment of

14  exculpatory evidence," conspiracy, "failure to intervene, false arrest, and false

15  imprisonment."  *Id.*  His state law claims are for malicious prosecution, intentional

16  infliction of emotional distress ("IIED"), conspiracy, and defamation.  *Id.*  These federal

17  and state claims are alleged against all defendants except Shirley, who is a named

18  defendant only as to Mr. Spencer's § 1983 conspiracy claim and his state law claims for

19  IIED and conspiracy. *Id.*

20          The claims alleged against Ms. Spencer, IIED, the state law conspiracy claim and

21  the § 1983 conspiracy claim, necessarily accuse her of intentional conduct.  *See id.* at 11,

22  15 and 39 (explaining the elements of each cause of action and demonstrating they all

1  involve intentional conduct).  On March 23, 2012, Ms. Spencer filed a motion for

2  summary judgment seeking dismissal of all claims against her.  *Id.* at 2.  On October 2,

3  2012, the Court granted summary judgment in favor of Ms. Spencer and dismissed all the

4  claims against her.  *Id.* at 45.

5  Beginning in 2004, Country Mutual began to insure Ms. Spencer under a tenant or

6  renter's policy. Dkts. 1 & 9.  That policy was renewed, until coverage ceased on May 31,

7  2012.  *Id.*  Beginning on April 13, 2010, Country Mutual began to insure Ms. Spencer

8  under a homeowners' policy.  *Id.*  That coverage remains in effect.  *Id.*  The two policies

9  basic liability coverage are identical.

10  Ms. Spencer tendered her defense in the damages lawsuit to Country Mutual.  *Id.*

11  Subject to a complete reservation of rights to deny any and all coverage to Ms. Spencer

12  for all claims asserted against her in the damages suit, Country Mutual has retained

13  counsel to defend her.  *Id.*   As a part of this reservation, Country Mutual advised Ms.

14  Spencer that it would reserve the right to file a lawsuit such as this, seeking a declaration

15  that it has no duty to defend her.  *Id.*

16  **III. DISCUSSION**

17  The narrow question raised by this motion is whether Country Mutual has a duty

18  to defend Ms. Spencer for claims alleged against her in the damages lawsuit.

19  **A.   Summary Judgment Standard**

20  The Court should grant summary judgment if no genuine issue of material

21  fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.

22  56(c). The moving party bears the initial burden of demonstrating the absence of a

1    genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact

2    is material if it might affect the outcome of the suit under the governing law. *Anderson v.*

3    *Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). When a properly supported motion for

4    summary judgment has been presented, the adverse party "may not rely merely on

5    allegations or denials in its own pleading." Fed.R.Civ.P. 56(e). Rather, the non-moving

6    party must set forth "specific facts" demonstrating the existence of a genuine issue for

7    trial. *Id*.; *Anderson*, 477 U.S. at 256.

8    **B.     Summary Judgment on Duty to Defend**

9        Summary judgment is appropriate on the issue of whether Country Mutual has a

10   duty to defend because "the interpretation of language in an insurance policy is a matter

11   of law." *Allstate Ins. Co. v. Peasley*, 131 Wash.2d 420, 423–24 (1997); *see also Woo v.*

12   *Fireman's Fund Ins*. Co., 161 Wash.2d 43, 52 (2007) ("Interpretation of an insurance

13   contract is a question of law").  A court is to "construe the language of an insurance

14   policy ... [by] giv[ing] it the same construction that an 'average person purchasing

15   insurance' would give the contract." *Woo*, 161 Wash.2d at 52 (*quoting Roller v.*

16   *Stonewall Ins. Co*., 115 Wash.2d 679, 682 (1990)).

17       **1.     Duty to Defend**

18       The duty to defend "is broader than the duty to indemnify." *Woo*, 161 Wash.2d at

19   52, 164 P.3d 454.  The duty to defend "arises at the time an action is first brought, and is

20   based on the potential for liability." *Id*. (*quoting Truck Ins. Exch. v. VanPort Homes*

21   *Inc*., 147 Wash.2d 751, 760(2002)).  "An insurer has a duty to defend 'when a complaint

22   against the insured, construed liberally, alleges facts which could, if proven, impose

1   liability upon the insured within the policy's coverage.' " *Woo*, 161 Wash.2d at

2   52–53 *(quoting Truck Ins.*, 147 Wash.2d at 760).  An insurer is not relieved of its duty to

3   defend unless the claim alleged in the complaint is "clearly not covered by the policy."

4   *Id.* (*citing Kirk v. Mt. Airy Ins. Co.*, 134 Wash.2d 558, 561(1998)). Moreover, if a

5   complaint is ambiguous, a court will construe it liberally in favor of "triggering the

6   insurer's duty to defend." *Id.* (*citing R.A. Hanson Co. v. Aetna Ins*. Co., 26 Wash.App.

7   290, 295 (1980)).  In contrast, the duty to indemnify "hinges on the insured's actual

8   liability to the claimant and actual coverage under the policy." *Hayden*, 141 Wash.2d at

9   64.  In sum, the duty to defend is triggered if the insurance policy conceivably covers the

10   allegations in the complaint, whereas the duty to indemnify exists only if the policy

11   actually covers the insured's liability.

12        The insurer must investigate the claim, that is, consider facts outside the

13   complaint, if (1) coverage is not clear from the face of the complaint but may nonetheless

14   exist, or (2) the allegations are in conflict with facts known to or readily ascertainable by

15   the insurer, or the allegations of the complaint are ambiguous or inadequate. *Truck Ins.*, at

16   276.

17        In Washington, evaluating coverage is a two-step process: "The insured must first

18   establish that the loss falls within the 'scope of the policy's insured losses.' Then, to avoid

19   responsibility for the loss, the insurer must show that the loss is excluded by specific

20   language in the policy." *Diamaco, Inc. v. Aetna Cas. & Sur.*, 97 Wash.App. 335, 337,

21   983 P.2d 707 (1999).

22

1     **2.**     **Application of Duty to Defend Standard**

2        Country Mutual argues that the conduct alleged against Ms. Spencer clearly falls

3 within exclusions, thus coverage is not triggered. Dkt. 14 at 13. Country Mutual has a

4 number of bases on which it challenges Ms. Spencer's claim to coverage.  However, the

5 Court addresses only two: (1) the policy's exclusion of intentional conduct, and (2) its

6 limitations on what is covered under "bodily injury" both of which demonstrate that

7 Country Mutual has no duty to defend Ms. Spencer.

8 **a.**     **Intentional Conduct**

9        The relevant language from Country Mutual's policies which define the type of

10 "occurrence" covered read as follows:

11            DEFINITIONS (INCLUDES LIMITATIONS)
      ***

12
           10.     "Occurrence" means:
13                a.      Under SECTION 1, an accident, including continuous or
               repeated exposure to substantially the same general harmful
14                conditions, which results, during the policy period, in:
               (1)     "Bodily injury", or
15                (2)     "Property damage."

16
Dkts. 16-1 at 7-8 & 16-2 at 8-9.
17
           E. Liability Coverage A and Medical Payments, Coverage B do not apply
18            to the following:
             1. Expected or Intended Injury.
19            "Bodily injury" or "property damage" which may reasonably be
           expected or intended to result from the intentional acts of an
20            "insured" even if the resulting "bodily injury" or "property damage":
             a.     Is of a different kind, quality or degree than initially expected
21            or intended; or
             b.     Is sustained by a different person, entity, real property or
22            personal property, than initially expected or intended.  This   exclusion

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

> applies regardless of whether any "insured" personally participated in or committed the alleged act and regardless of whether any "insured" subjectively intended the "bodily injury" or "property damage" for which a claim is made. However, this exclusion E.1, does not apply to "bodily injury resulting from the use of reasonable force by an "insured" to protect persons or property;

Dkts. 16-1 at 10 & 16-2 at 11.

Country Mutual argues that the three claims asserted against Ms. Spencer do not fall within the policies definition of "occurrence." Dkt. 14 at 7. Country Mutual contends that the claims against Ms. Spencer in the damages suit are all grounded upon core factual allegations against her, which is that she engaged in a conspiracy with some or all other defendants to falsely accuse Mr. Spencer of child sex abuse, which led to his wrongful arrest, prosecution, conviction and imprisonment. *Id.*

Ms. Spencer maintains that Country Mutual has a duty to investigate because the allegations against her could involve consequences that were unforeseeable to her at the time of her alleged conduct. Dkt. 21 at 3.   According to Ms. Spencer, under a scenario where Ms. Spencer could simply have had an affair with the detective on Mr. Spencer's case, she could have done so without expecting that "her paramour" would "frame her husband." *Id*.   In support of her argument that her conduct could have lead to unintended consequences and therefore fall under actions covered by the policy, she relies mainly on *Woo,* 161 Wn.2d 43 (2007).

Ms. Spencer argues:

> The famous, or infamous, case of *Woo v. Fireman's Fund Ins. Co,* 161 Wn.2d 43, 164 P.3d 454 (Wash. 2007) illustrates the difference between conduct which is intentional and conduct which has unintended consequence. In that case the dentist fitted the patient with boar's fangs

1  instead of human teeth and as a joke took pictures. The patient was not
   amused, and sued him. The court held that his insurer had a duty to defend
2  the suit because it covered the prank. The court found that because the
   dentist had not intended her reaction to be so negative, the conduct was not
3  intentional.

4
   Dkt. 21 at 2.  Ms. Spencer argues that Country Mutual is required by law to look beyond
5
   the allegations in the complaint in determining whether it has a duty to defend essentially
6
   because her alleged conduct could have been unforeseeable and thus not intentional.  *Id.*
7
   at 3-4.
8
        Country Mutual argues that *Woo* is both factually and legally distinquishable from
9
   the instant case.  Dkt. 24 at 2-3.  Country Mutual contends:
10
        Woo's policy covers bodily injury that is caused by an
11      "accident," which is defined as a "fortuitous circumstance, event or
        happening that takes place and is neither expected nor intended from the
12      standpoint of the insured." ... The Court of Appeals limited its analysis of
        the bodily injury coverage to whether Alberts' complaint alleged
13      exclusively intentional conduct. However, based on the language of Woo's
        policy, he had to have "expected or intended" the specific "event or
14      happening" alleged in the complaint. Thus, he would have to have intended
        not only the "event or happening" of photographing her with the boar tusk
15      flippers in her mouth but also the "event or happening" that Alberts would
        sustain the specific injuries she alleged in her complaint.  Although Woo's
16      conduct was likely intentional, it is conceivable that Woo did not intend
        Chat conduct to result in Alberts' injuries.
17
   *Id.* (*citing Woo*, 161 Wn.2d at 64).
18
        The relevant language of the policy in *Woo* is indeed different from that of
19
   Country Mutual's policies.  Country Mutual's policy specifically excludes conduct that is
20
   "[e]xpected or [i]ntended" even if it "is of a different kind, quality or degree than initially
21
   expected or intended."  *See* Dkts. 16-1 at 10 & 16-2 at 11.  In the complaint, no
22

1   ambiguity exists as to whether the claims involve intentional conduct: the allegations

2   against Ms. Spencer all necessarily require intentional conduct on the part of Ms.

3   Spencer.   Additionally, unlike the plaintiff in *Woo* who was sued because of a prank, Ms.

4   Spencer is alleged to have participated in a conspiracy to frame Mr. Spencer for child sex

5   abuse, which led to his wrongful arrest, prosecution and conviction and emotional

6   distress. *See Western Protectors Ins. Co. v. Shaffer*, 624 F.Supp.2d 1292,1298

7   (W.D.Wash.2009) (under Washington law, a victim's claims against an insured for

8   intentional infliction of emotional distress did not arise from accident, and thus do not fall

9   within scope of coverage under homeowner's  insurance policies that cover only

10  accidental occurrences). Simply put, the relevant facts in *Woo* are clearly distinguishable

11  from the factual allegations in Ms. Spencer's case.  Mr. Spencer's alleged harm was a

12  naturally and reasonably foreseeable product of the alleged conspiracy. *See State Farm*

13  *Fire & Cas. v. Ham & Rye, L.L.C.,* 142 Wn. App. 6, 17 (2007) (where the insured acts

14  intentionally but claims that the result was unintended, the incident is not an accident if

15  the insured knew or should have known facts from which a prudent person would have

16  concluded that the harm was reasonably foreseeable).  Ms. Spencer's alleged conduct is

17  not covered by the clear and explicit language of the Country Mutual's policy, as her

18  behavior does not constitute an "occurrence" within the meaning of the policy.

19  **b.     Bodily Injury**

20       The claims by Mr. Spencer in his suit against Ms. Spencer are subject to

21  Country Mutual's policy regarding what constitutes "bodily injury."  Country Mutual's

22  definition of "bodily injury," including limitations, reads as follows:

DEFINITIONS (INCLUDES LIMITATIONS)
***
3. "Bodily injury" means physical injury to a person. Sickness,
disease, or emotional distress that is not caused by physical injury is
not "bodily injury".

Dkts. 16-1 at 6 & 16-2 at 8.

Ms. Spencer contends that the alleged claim for intentional infliction of emotional distress could include accidental conduct. She argues that she could be found guilty of inadvertently causing Ms. Spencer emotional distress by having been involved in a conspiracy which may qualify as an occurrence covered by the policy. *See* Dkt. 21 at 4.

Country Mutual argues that Ms. Spencer argument misses the point, as she fails to focus on the policies definition of "bodily injury." Dkt. 24 at 3. Country Mutual contends that the question is whether these alleged emotional distress claims and damages meet the policies' unique definition of "bodily injury." *Id.* The Court agrees. As the policy above makes clear, "bodily injury" excludes "emotional distress that is not caused by physical injury." Dkts. 16-1 at 6 & 16-2 at 8. Additionally, Washington courts have interpreted "bodily injury" in insurance policies to include claims for physical injury but to exclude claims for purely non-physical or emotional harm. *Daley v. Allstate Ins. Co.*, Wn.2d 777, 786-789 (1998). As Country Mutual observes "nowhere in the complaint in the Damages Lawsuit is it alleged that Ms. Spencer caused physical injury to plaintiff Clyde Spencer." Dkt. 14 at 10. Nor does the complaint allege negligent infliction of emotional distress, and such a claim is not in "the nature of the tort of intentional[] infliction of emotional distress," as Ms. Spencer asserts (Dkt. 21 at 4).

1   Therefore, the Court finds that Country Mutual has no duty to defend based on the

2   policies' definition and exclusions regarding "bodily injury."

3                                  **IV. ORDER**

4       Therefore, it is hereby **ORDERED** that Country Mutual's motion for summary

5   judgment (Dkt. 14) is **GRANTED**.

6       Dated this 6th day of November, 2012.

7

8

9                              BENJAMIN H. SETTLE

10                            United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22